# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SUNFLOWER REDEVELOPMENT, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-577-DGK |
| ILLINOIS UNION INSURANCE CO., | ) |
| Defendant. | ) |

## ORDER DENYING REMAND AND TRANSFER

This case arises out of an insurance dispute. After insurer Plaintiff Sunflower Redevelopment, LLC ("Sunflower"), refused to indemnify Defendant Illinois Union Insurance Co. ("ILU"), Sunflower sued.

Now before the Court are two procedural motions. One is Sunflower's motion to remand (Doc. 4). The other is ILU's motion to dismiss or transfer to the United States District Court for the District of Kansas (Doc. 9). For the reasons below, the motions are each DENIED.

### Background

Defendant ILU issued an insurance policy ("the Policy") to Plaintiff Sunflower. The Policy provided premises pollution liability coverage to Sunflower for a former army ammunition plant in De Soto, Kansas.

Endorsement 007 of the Policy states:

> It is agreed that in the event of the failure of the Insurer to pay any amount claimed to be due hereunder, the Insurer and the "insured" will submit to the U.S. District Court with jurisdiction for the State of Kansas, and will comply with all requirements necessary to give such court jurisdiction. . . .
>
> All matters arising hereunder including questions relating to the validity, interpretation, performance, and enforcement of this Policy shall be determined in accordance with the law and practices of the State of Kansas.

Pet., Ex. A (Doc. 2-2 at 28).

Apparently at the same time they executed Endorsement 007, the parties executed what they call the service-of-suit endorsement, Endorsement 021, which provides:

> If the insured requests, the company will submit to the jurisdiction of any court of competent jurisdiction. The company will accept the final decision of that court or any Appellate Court in the event of an appeal.

(*Id.* at 43).

During the period of coverage, the Kansas Department of Health and Environment ordered Sunflower to investigate and remediate contaminated soils at the plant. The Department of Health and Environment also told Sunflower it was liable for remediation costs arising out of other pollution conditions at the plant.

Sunflower submitted a claim to ILU under the Policy. ILU denied coverage. Sunflower sued in the Circuit Court of Jackson County, Missouri, for a declaratory judgment that the Policy covers its claim, and for breach of contract. ILU then removed.

**Discussion**

The parties filed cross-motions based on Endorsements 007 and 021. First, Sunflower moves to remand, arguing ILU is bound to Sunflower's choice of venue, which is the Circuit Court of Jackson County. Second, ILU moves to dismiss or transfer the case, arguing the Policy restricts Sunflower to suing in only one venue, Kansas federal court.

I. **Because ILU did not clearly and unequivocally commit to remaining in the court of Sunflower's choosing, ILU has not waived its right to remove.**

Sunflower seeks remand because the parties agreed that if Sunflower requests, ILU "will submit to the jurisdiction of any court of competent jurisdiction." Sunflower argues that based on this provision, ILU was stuck with Sunflower's court of choice, the Circuit Court of Jackson County. Thus, ILU had no basis to remove the case. ILU responds that the Policy

2

unambiguously requires Sunflower to bring claims in Kansas federal court, citing Endorsement 007, which requires the parties to "submit to the U.S. District Court with jurisdiction for the State of Kansas."

A defendant may remove an action where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). "This right can be waived, however, by agreement . . . ." *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015).

To decide whether the parties' agreement operated to waive ILU's removal right, the Court must resolve an antecedent issue: what does the agreement say? State law governs the interpretation of these provisions. *Martinez v. Bloomberg LP*, 740 F.3d 211, 217–18 (2d Cir. 2014). To decide *which* state's law governs, a court applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The forum state here, Missouri, instructs its courts to apply any body of law contractually selected by the parties. *State ex rel. McKeage v. Cordonnier*, 357 S.W.3d 597, 600 (Mo. 2012). Here, the Policy states that "questions relating to the . . . interpretation . . . of this Policy shall be determined in accordance with the law and practices of the State of Kansas." Thus, Kansas contracts law determines whether the Policy requires disputes to be brought in Kansas, or whether the Policy permits them to be brought in any court of Sunflower's choosing. *See id.*

Under Kansas law, "[i]f an insurance policy's language is clear and unambiguous, it must be taken in its plain, ordinary, and popular sense." *O'Bryan v. Columbia Ins. Grp.*, 56 P.3d 789, 792 (Kan. 2002). Whether an insurance policy is ambiguous is a question of law. *Id.* An insurance policy is ambiguous when its terms "are ambiguous or uncertain, conflicting, or susceptible of more than one construction." *Id.* "When an insurance contract is not ambiguous,

3

the court will enforce the contract as written." *Marshall v. Kan. Med. Mut. Ins. Co.*, 73 P.3d 120, 132 (Kan. 2003).

Although at first glance the Policy's terms may appear to conflict, the Court finds the Policy unambiguous and enforces it accordingly. Under Endorsement 007, the parties agreed to litigate in the District of Kansas. Under Endorsement 021, the parties agreed to litigate anywhere Sunflower chooses. The Court finds these forum-selection clauses may be read in harmony: Sunflower may choose to bring a lawsuit in any proper venue, but ILU is limited to bringing its lawsuits in the District of Kansas. *See O'Bryan*, 56 P.3d at 792. This scheme is mandatory, given the exclusive language "will submit" and "will comply." *See Will*, *Black's Law Dictionary* (5th ed. 1979) (defining "will" as an "auxiliary verb commonly having the mandatory sense of 'shall' or 'must'" and "a word of certainty"); *Mills v. City of Overland Park*, 837 P.2d 370, 379 (Kan. 1992) ("The use of 'will' is an order to act . . . ."). Whether the parties intended to give Sunflower greater litigation privileges is beside the point; the Policy's meaning is delineated by its terms.

ILU concedes that the service-of-suit endorsement obligates the parties to litigate in a "court of competent jurisdiction," but argues Endorsement 007 then defines the agreed-upon "court of competent jurisdiction": the District of Kansas. This reading falters because the service-of-suit endorsement actually permits Sunflower to make ILU "submit to the jurisdiction of *any* court of competent jurisdiction," not just *the* court of competent jurisdiction. And "any court" and the specific choice of the District of Kansas do not create an irreconcilable ambiguity, because "any court" applies only upon Sunflower's request. Absent a request from Sunflower, the District of Kansas becomes the only permissible "court of competent jurisdiction." Thus, the

4

unambiguous Policy endorsements permit Sunflower to bring a lawsuit in any proper venue of its choosing. *See Marshall*, 73 P.3d at 132.

Having construed the Policy this way, the Court must now decide whether ILU, through the service-of-suit endorsement invoked by Sunflower in filing this lawsuit in Missouri state court, has waived its right to remove from that court. In other words: Endorsement 021 requires ILU to *go* to Sunflower's forum of choice; does it require ILU to *stay* there?

"Waiver of the right to remove must be 'clear and unequivocal' . . . ." *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989). "The parties' mere agreement that venue is proper in a particular court or jurisdiction is not a clear and unequivocal waiver of removal rights." *Crane Constr. Co. v. JKC Constr., Inc.*, 793 F. Supp. 2d 1104, 1106 (W.D. Mo. 2010). That is, "[t]he right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum." *Cruthis v. Metro. Life Ins. Co.*, 356 F.3d 816, 819 (7th Cir. 2004). At the same time, to be "clear and unequivocal," the waiver need not contain "explicit words, such as 'waiver of right of removal.'" *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001), *cited with approval in iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005) (per curiam).

Under these principles, a defendant waives its right to removal in a contract that says it "irrevocably waive[s] any and all objections . . . to the laying of venue of any [suit] brought in any such federal or state court in the State of Missouri," *iNet Directories*, 394 F.3d at 1081–82, and in a contract providing that it "agree[s] to submit to the jurisdiction of any Court of Competent jurisdiction . . . and all matters arising hereunder shall be determined in accordance with the law and practice of such Court," *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 14–15 (5th Cir. 1991). However, a defendant does *not* waive its right in a contract that only says it

"does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans," *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504–05 (5th Cir. 2004), or that says it "agree[s] that the proper venue for such action shall be in the Circuit Court of Greene County, Missouri," *Mihlfeld & Assocs., Inc. v. Glock, Inc.*, No. 05-3085-CV-S-ODS, 2005 WL 1009579, at *1–2 (W.D. Mo. Apr. 27, 2005).

The Policy lets Sunflower choose the venue, but does not prohibit ILU from subverting that choice by removing. Endorsement 021 does not explicitly prohibit removal, confine the parties to only state courts, or use any language of exclusivity or waiver. Read as a whole, the Policy merely commits ILU to the jurisdiction of Sunflower's forum choice, like the contracts in *City of New Orleans* and *Mihlfeld & Associates*. It does not purport to waive venue objections or require the application of the law and practice of the plaintiff's forum choice—which would necessarily contemplate proceeding only in that forum—like the contracts in *iNet Directories* and *Nutmeg Insurance*.

While Endorsement 021 allows Sunflower to choose a court and then obligates ILU to "accept the final decision of that court," a "final decision of that court" will not arise in every circumstance, for example, if the parties settle. The service-of-suit endorsement is conditional, and thus does not require ILU to accept a final decision from *only* that court.

Because Endorsement 021 gives Sunflower the "right to file suit in a particular forum" but not the "right to avoid removal from that forum," *Cruthis*, 356 F.3d at 819, the Court finds that the Policy has not clearly and unequivocally waived ILU's removal rights. *See Weltman*, 879 F.2d at 427; *PR Grp., LLC*, 792 F.3d at 1026. *But see Hazelwood Logistics Ctr. LLC v. Ill. Union Ins. Co.*, No. 4:13-CV-2572 CAS, 2014 WL 805886, at *1–2 (E.D. Mo. Feb. 28, 2014)

(reaching the opposite conclusion on identical policy language).[1]  ILU properly removed, so the Court denies Sunflower's motion to remand.

> **II. Because the Policy does not mandate that Sunflower file suit in the District of Kansas, the Court cannot transfer the action to the District of Kansas.**

The Court next considers ILU's motion to transfer.  ILU and Sunflower agreed that "the U.S. District Court with jurisdiction for the State of <u>Kansas</u>" would be the sole forum to adjudicate disputes arising under the Agreement.  On this basis, ILU moves to transfer the case under 28 U.S.C. § 1404(a) to the United States District Court for the District Kansas.

Generally, a plaintiff has a "venue privilege" to choose where to bring its suit, subject to jurisdictional and venue limitations.  *Van Dusen v. Barrack*, 376 U.S. 612, 633–35 (1964).  When a case involves a valid, mandatory, and on-point forum-selection clause, the plaintiff's choice of venue loses priority to the forum identified in that clause.  *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013).   Under such circumstances, the district court should, "in all but the most exceptional cases," transfer the case under 28 U.S.C. § 1404(a) to the specified federal court which "represents the parties' agreement as to the most proper forum."  *Id.*

Accordingly, the Court must first determine whether the Agreement's forum-selection clause controls in this case.  To enter *Atlantic Marine*'s ambit and be presumptively enforceable, a forum-selection clause must be: (1) validly contracted; (2) unambiguously mandatory; and (3) applicable to the type of claims asserted in the lawsuit.  *Id.* at 581 n.5 (providing the first prong); *RELCO Locomotives, Inc. v. AllRail, Inc.*, 4 F. Supp. 3d 1073, 1085 (S.D. Iowa 2014) (second prong); *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 692–95 (8th Cir. 1997)

---

[1] Sunflower also discusses two favorable appellate decisions of the Third and Eleventh Circuits. However, both of those circuits have explicitly rejected the Eighth Circuit's "clear and unequivocal" standard in favor of a less stringent, pro-remand standard.  *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991); *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1048 (11th Cir. 2001).  Thus, these cases are inapposite.

(third prong); *see also generally Kanza Constr., Inc. v. Kan. City. S. Ry. Co.*, 13 F. Supp. 3d 985 (W.D. Mo. 2014).

The dispute here centers on the second prong, whether the Policy unambiguously requires the parties to litigate in the District of Kansas. As discussed above, Endorsement 021 left Sunflower free to sue ILU in a court of its choosing; Endorsement 007 restricted only ILU to suing in the District of Kansas. Because Endorsement 007 was not mandatory against Sunflower, *see RELCO Locomotives*, 4 F. Supp. 3d at 1085, the Court cannot enforce that clause against Sunflower by transferring the case to the District of Kansas, *see Atl. Marine*, 134 S. Ct. at 581; 28 U.S.C. § 1404(a). The motion is denied.

## Conclusion

For the reasons discussed above, both ILU's Motion to Dismiss or Transfer (Doc. 4) and Sunflower's Motion to Remand (Doc. 9) are DENIED.

**IT IS SO ORDERED.**

Date: January 4, 2016                    /s/ Greg Kays
                                         GREG KAYS, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT