IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SUNFLOWER REDEVELOPMENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-577-DGK |
| ) | |
| ILLINOIS UNION INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING RECONSIDERATION AND CERTIFICATION FOR INTERLOCUTORY APPEAL

This case arises out of an insurance dispute. After insurer Defendant Illinois Union Insurance Co. ("ILU") refused to indemnify Plaintiff Sunflower Redevelopment, LLC ("Sunflower"), Sunflower sued. ILU removed and the Court denied Sunflower's motion to remand.

Now before the Court is Sunflower's motion to either reconsider that order, or else certify the order for interlocutory appeal (Doc. 23). Because the Court is unconvinced that it committed a significant legal error or that there is substantial ground for difference of opinion on the issue, the motion is DENIED in all respects.

**Background**

Defendant ILU issued an insurance policy ("the Policy") to Plaintiff Sunflower. The Policy provided premises pollution liability coverage to Sunflower for a former army ammunition plant in De Soto, Kansas. Endorsement 021 of the Policy—what the parties call the service-of-suit endorsement—states:

> If the insured requests, the company will submit to the jurisdiction of any court of competent jurisdiction. The company will accept the final decision of that court or any Appellate Court in the event of an appeal.

Pet., Ex. A (Doc. 2-2 at 43).

During the period of coverage, the Kansas Department of Health and Environment ordered Sunflower to investigate and remediate contaminated soils at the plant. The Department of Health and Environment also told Sunflower it was liable for remediation costs at the plant.

Sunflower submitted a claim to ILU under the Policy, but ILU denied coverage. Sunflower sued in the Circuit Court of Jackson County, Missouri, for a declaratory judgment that the Policy covers its claim, and for breach of contract. ILU then removed.

Sunflower moved to remand, arguing that Endorsement 021 tethered ILU to Missouri state court. The Court denied remand, finding that while Endorsement 021 obligated ILU to submit to the jurisdiction of a Missouri state court, it did not waive ILU's right to remove from that court.

## Discussion

Sunflower seeks alternate forms of relief: (1) reconsideration of the order denying remand; or (2) permission to file an interlocutory appeal on the issue.

**I. Reconsideration is unwarranted because Sunflower has already made these arguments and because the Court did not err in its earlier order.**

Sunflower urges the Court to reconsider its order denying remand, arguing that the Court should have found that ILU clearly and unequivocally waived its right to remove. In support, Sunflower expands on arguments it made in its original motion. It also cites over thirty cases that it claims supports its position, none of which is by the Eighth Circuit but one of which is from the U.S. District Court for the Eastern District of Missouri.

Under Federal Rule of Civil Procedure 54(b), a district court may revise an order that adjudicates fewer than all the claims in a case. The Court will reconsider an interlocutory order only if the moving party demonstrates that: (1) "it did not have a fair opportunity to argue the matter previously," and (2) reconsidering the order is "necessary to correct a significant error." *Mayo v. GMAC Mortg., LLC*, 763 F. Supp. 2d 1091, 1114 (W.D. Mo. 2011). This framework safeguards the Court's "interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Id.*

First, Sunflower had a fair opportunity to make its arguments previously; indeed, it *did* make these arguments previously. Its new motion merely replicates and amplifies the arguments it made in its original motion. For this reason alone, the Court would deny the motion to reconsider.

Second, granting this motion would not correct a significant error. Sunflower argues that the Court erred because: (1) "it is well-established" that service-of-suit provisions categorically waive the right to remove; and (2) courts have held that service-of-suit provisions worded similarly to Endorsement 021 waive the right to remove.

### A. No controlling authority holds that service-of-suit provisions categorically waive the right to remove.

Sunflower first implies that service-of-suit provisions categorically waive the right to remove. Pl.'s Br. 4 (Doc. 24) ("Numerous courts in every circuit have held that, by executing an insurance policy with a clause like that contained in Endorsement 021, commonly referred to as a 'service-of-suit' clause, an insurer waives the right to remove any dispute arising under the policy to federal court.").

3
Case 4:15-cv-00577-DGK   Document 30   Filed 03/28/16   Page 3 of 9

This argument is rejected because of a point downplayed by Sunflower: there is no clear, controlling law on this issue. The Eighth Circuit has apparently issued only two opinions that address waiver by agreement. In a 1989 case, it held that a "[w]aiver of the right to remove must be 'clear and unequivocal,'" and because the agreement in that case "did not address removal," there was no waiver. *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989). However, the opinion neither expounded "clear and unequivocal" nor reproduced the agreement at issue, thus obscuring the standard and how it should be applied. *Id.*

In the only Eighth Circuit case to rely on *Weltman* for this issue, a contract said that the defendant "irrevocably waive[d] any and all objections . . . to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue of any [suit] brought in any such federal or state court in the State of Missouri." *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1081–82 (8th Cir. 2005). In a three-paragraph, per curiam opinion with almost no discussion, the Court concluded that that language "unambiguously prohibited [the defendant] from objecting to venue by removing the case to federal court." *Id.* at 1082.

As these two cases reflect, Eighth Circuit law establishes only that the standard is "clear and unequivocal," a standard which is met when the contract explicitly waives objections to venue, but which is not met when the contract "d[oes] not address" removal. This guidance is minimal—but it is the only binding guidance. So although Sunflower has cobbled together thirty-some cases, those cases are, at most, persuasive authority. Nowhere has the Eighth Circuit held that its "clear and unequivocal" standard is always met when faced with *any type* of service-of-suit clause. As Sunflower's own cases reveal, the wording of service-of-suit provisions varies

4

widely, rendering them insusceptible of the broad categorical rule it champions. The Court rejects Sunflower's first contention.

### B. Sunflower fails to use its non-controlling authority to show why the Court's reasoning was flawed.

Sunflower next argues that the Court should follow the dozens of cases which have construed "identical" service-of-suit provisions and concluded that the provisions waived the defendant's right to remove.

Because the Court is persuaded by logic and not just outcomes when considering non-controlling authority, Sunflower must explain why its cases are better reasoned than the Court's order. But it never explains why the Court's prior analysis is wrong, instead just saying that a whole bunch of cases reached the opposite conclusion. For example, the Court explained why it believed that Endorsement 021 was similar to the contracts in *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504–05 (5th Cir. 2004) and *Mihlfield & Associates, Inc. v. Glock, Inc.*, No. 05-3085-CV-S-ODS, 2005 WL 1009579, at *1–2 (W.D. Mo. Apr. 27, 2005), which were found to not waive the right to remove. Order 5–6 (Doc. 22). Sunflower baldly states that none of the cases cited by the Court "involved a service-of-suit clause similar to this case," Pl's Br. 8 (Doc. 24), but fails to explore the subtle distinctions among the contracts of *City of New Orleans*, *Mihlfield*, this case, and its own cattle call of cases.

Even reviewing Sunflower's cases on its own, the Court is not convinced that it made a "significant error" in denying remand. First, many of Sunflower's cases arise in circuits that do not apply the Eighth Circuit's "clear and unequivocal" standard. For example, the Court previously explained, "[T]he Third and Eleventh Circuits . . . have explicitly rejected the Eighth Circuit's 'clear and unequivocal' standard in favor of a less stringent, pro-remand standard." Order 7 n.1 (Doc. 22) (citing *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 n.15 (3d Cir.

5

1991); *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1048 (11th Cir. 2001)). Yet Sunflower continues to cite cases from those circuits, even as it concedes this distinction. Pl's Br. 4 n.1 (Doc. 24). The same is true of cases from other circuits. *See, e.g.*, *Hanover Ins. Grp., Inc. v. Chartis Specialty Inc.*, Civil Action No. 12-40156-TSH, 2013 WL 4495659, at *3 (D. Mass. Aug. 19, 2013) (not listing a standard).

Second, most of the cited cases do not involve contracts with language similar to Endorsement 021. Most of these cases' service-of-suit provisions lack language binding the parties to "the law and practice of [the chosen state court]," a phrase the Court found significant. *See, e.g.*, *Pine Top Receivables of Ill., LLC v. Transfercom, Ltd.*, No. 15-CV-8908, 2015 WL 8780611, at *1 (N.D. Ill. Dec. 14, 2015). A scant few of Sunflower's cases do have an identical service-of-suit provision, but the Court does not find them facially persuasive, including one emphasized by Sunflower: *Hazelwood Logistics Center LLC v. Illinois Union Insurance Co.*, which found that an identical service-of-suit provision had waived the defendant's right of removal. No. 4:13-CV-2572 CAS, 2014 WL 805886, at *1–2 (E.D. Mo. Feb. 28, 2014).

The Court previously rejected reliance on *Hazelwood* for several reasons. First, the primary issue in that case was whether the service-of-suit endorsement superseded language in the original contract that read, "Nothing in this clause constitutes . . . a waiver of the insurer's right to remove an action to a United States District Court." *Id.* at *2. Here, ILU is not disclaiming that Endorsement 021 supersedes the original contract. Second, *Hazelwood* did not cite the "clear and unequivocal standard," instead relying on *Russell*, an Eleventh Circuit decision. As discussed above, Sunflower has failed to explain why Eleventh Circuit decisions are persuasive here. Third, *Hazelwood* appeared to accept the contention—rejected here—that service-of-suit provisions categorically waive the right to remove: "[A]t least two district courts

6

in the Eighth Circuit have agreed that by executing an insurance policy with a Service of Suit clause, the insurer waives the right to remove the case to federal court." *Id.* (citing two federal district court decisions involving different contract language). On that basis, the *Hazelwood* Court concluded that this language waived the defendant's right to remove, without any further analysis or parsing of the endorsement's language. Therefore, the Court finds *Hazelwood* unpersuasive.[1]

Sunflower has failed to explain why the Court's order denying remand was an "error," much less a "significant" one. Nor has the Court discerned error on its own. Therefore, the Court declines to reconsider its order. *See Mayo*, 763 F. Supp. 2d at 1114.[2]

**II. Because there is no *substantial* ground for difference of opinion, Sunflower has failed to demonstrate the propriety of certifying the remand order for an interlocutory appeal.**

Alternatively, Sunflower asks the Court to certify this issue for interlocutory appeal. ILU resists, arguing that this issue is not so significant that immediate appeal is warranted.

Normally, a party may not appeal a district court order that fails to resolve all claims in the lawsuit. *See* 28 U.S.C. § 1291. That is the situation here; the Court has not issued a judgment on the underlying claims in this case. However, in some cases the district court may certify a non-final order for immediate appeal. *Id.* § 1292(b). The court may do so if it believes that: (1) its order "involves a controlling question of law;" (2) "there is substantial ground for

---

[1] Sunflower mistakenly claims that *Hazelwood*'s holding was "cited with approval" by the District of Minnesota in *Rembrandt Enterprises, Inc. v. Illinois Union Ins. Co.*, — F. Supp. 3d. —, Civil No. 15-2913 (RHK/HB), 2015 WL 5450182, at *3 (D. Minn. Sept. 16, 2015). Pl.'s Br. 7 n.3 (Doc. 24). *Rembrandt* cited *Hazelwood* only to agree that "the plain meaning of an identical service of suit endorsement . . . supplanted an identical forum-selection clause." *Id.* at *3. *Rembrandt* did not address remand or waiver. *See id.* at *2–3.

[2] As a third point, Sunflower spends almost two pages protesting the Court's citation to *Cruthis v. Metropolitan Life Insurance Co.*, 356 F.3d 816, 819 (7th Cir. 2004). Pl's Br. 5–7 (Doc. 24) ("[T]his case is distinguishable from *Cruthis*, and the Court should reconsider the weight afforded to *Cruthis* in the Order denying the Motion to Remand."). The Court did not give great weight to *Cruthis* or find any similarity to its facts. The Court cited *Cruthis* only for its pithy restatement of the law, a restatement made in many other cases, including Sunflower's. *E.g. City of New Orleans*, 376 F.3d at 504.

difference of opinion;" and (3) "an immediate appeal from that order may materially advance the ultimate termination of the litigation." *Id.* The courts of appeals disfavor interlocutory appeals, and the moving party carries the "heavy burden" of showing why an immediate appeal is necessary. *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

Sunflower fails on at least the second prong: there is no substantial ground for difference of opinion. A substantial ground for disagreement is reflected by a "sufficient number of conflicting and contradictory opinions," but not by an "established body of law" or "dearth of cases." *Id.* at 378. Sunflower has cited, at most, only three cases that involve a substantially similar service-of-suit provision and that apply the Eighth Circuit's standard, all from the Sixth or Tenth Circuits.³ Whatever a "sufficient" number of conflicting opinions is, three from outside the circuit is not enough. *Cf. Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983) ("[A] single case demonstrates that while there may be grounds for differences of opinion, they are not, however, *substantial*."), *cited with approval in White*, 43 F.3d at 378; *Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 585 (8th Cir. 2007) (suggesting that conflicting *panel opinions* within the circuit might be sufficiently "substantial"). Rather, the Court finds that there is essentially a "dearth of cases" on point.

The Court appreciates that the Eighth Circuit has not fully explored what constitutes "clear and unequivocal" waiver of the right to remove, and that the Eighth Circuit may well disagree with the Court's order at a later juncture. But "§ 1292(b) was not intended merely to provide an avenue for review of difficult rulings in hard cases." *FDIC v. First Nat'l Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (E.D. Wis. 1985), *cited with approval in White*, 43 F.3d

---

³ *Elevation Builders, Inc. v. Companion Specialty Ins. Co.*, No. 15-CV-490-PAB-KMT, 2015 WL 4159426, at *2–3 (D. Colo. July 8, 2015); *Garcia v. Century Sur. Co.*, No. 14-CV-3196-RM-MJW, 2015 WL 1598069, at *2 (D. Colo. Apr. 7, 2015); *Sestech Envt'l LP v. Westchester Surplus Lines Ins. Co.*, No. 1:08CV2417, 2009 WL 233620, at *1–2 (N.D. Ohio Jan. 30, 2009).

at 376, 378.  Sunflower has not carried its "heavy burden" of demonstrating a "substantial ground for difference of opinion," and thus has failed to justify why the Court should certify an interlocutory appeal.  *See White*, 43 F.3d at 376.[4]

## Conclusion

For the reasons discussed above, Sunflower's motion for reconsideration or for certification for interlocutory appeal (Doc. 23) is DENIED.

**IT IS SO ORDERED.**

Date:  March 28, 2016 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Sunflower argues that the relevant issues here satisfy a different standard for "substantial ground for difference of opinion," from *Emerson Elec. Co. v. Yeo*, No. 4:12CV1578 JAR, 2013 WL 440578, at *2 (E.D. Mo. Feb. 5, 2013). However, the Court finds that *Yeo*, which apparently rests on Sixth Circuit law, is incompatible with the Eighth Circuit's approach in *White* by neglecting the "substantial" portion of "substantial ground for difference of opinion." Therefore, the Court sticks to the standard from *White*.