# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| SUNFLOWER REDEVELOPMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00577-DGK |
| | ) | |
| ILLINOIS UNION INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DISCOVERY DISPUTE

This case involves an insurance coverage dispute. Now before the Court is a discovery dispute between the parties concerning certain deposition and request for production topics.

After reviewing the parties' memoranda regarding the discovery dispute (Docs. 85, 87, 88, 89) and hearing argument from counsel during a teleconference on October 27, 2017, the Court rules as follows.

### Background

Plaintiff is a development company who intends to develop the former Sunflower Ammunition Plant ("Plant") for commercial use. Central to this case is the coverage of two insurance policies, Premise Pollution Liability ("PPL") and Remediation Cost Containment ("RCC").

This case is being managed in two phases. The first phase addressed whether the PPL policy excluded particular polluted areas of the Plant. The second phase addressees what costs qualify for coverage under the PPL policy.

In deciding the issues on summary judgment in phase one, the Court found none of the exclusions to the PPL policy excluded coverage of the pollution conditions at issue. Relevant to

this discovery dispute, the Court also ruled: (1) The insurance policies are unambiguous; (2) Endorsement 001 of the PPL policy did not contain "mirroring language" as to exclude from coverage all things covered by the RCC policy; and (3) It was unable to determine whether the pollution conditions at issue were covered by the RCC policy, because that issue was not properly before the Court in phase one.

As part of phase two discovery, Plaintiff objects to certain categories of documents Defendant is seeking, and certain deposition topics posed in preparation for a 30(b)(6) deposition of Plaintiff's representative on two bases. First, it asserts the topics are irrelevant because they seek to uncover extrinsic evidence of what the parties intended when formulating the insurance contracts, which is unnecessary given the Court's finding the policies are unambiguous. Second, it argues topics relating to whether the policies provide overlapping coverage is irrelevant because the Court rejected this argument its order on summary judgment.

Defendant argues this information is necessary because it is relevant to their defense and supports their theory that Plaintiff engaged in a particular course of conduct in the year prior to this lawsuit. Defendant asserts the Court has not decided whether the policies overlap so seeking this information should not be foreclosed.

## Discussion

**A. Plaintiff's objection request for production topics 13 and 14, and deposition topics 9 and 12 is sustained.**

The parol evidence rule is one of substantive law, *Sylvia v. Wisler*, No. 13-2534-EFM-TJJ, 2015 WL 6454794, *3 (D. Kan. Oct. 26, 2015), and accordingly, Kansas law applies.[1] Under Kansas law, "if an insurance policy's language is clear and unambiguous, it must be taken in its plain, ordinary, and popular sense." *O'Bryan v. Columbia Ins. Grp.*, 56 P.3d 789, 792

---

[1] The Court previously decided Kansas law applies in this case (Doc. 22).

(Kan. 2002); *Liggatt v. Emp'rs Mut. Cas. Co.*, 46 P.3d 1120, 1125 (Kan. 2002) ("If the terms of the contract are clear, there is no room for rules of construction, and the intent of the parties is determined from the contract itself.").

The parol evidence rule prohibits the admission of extrinsic evidence to vary or contradict the terms of a written agreement when the contract is unambiguous. *Sylvia*, 2015 WL 6454794 at *3. This includes agreements, understandings, and negotiations made prior to or contemporaneous with the execution of the contract. *Id.* While the parol evidence rule is an evidentiary rule that limits what is *admissible* and not what is *discoverable*, it is proper to refuse discovery where all of the discoverable evidence would be excluded by the parol evidence rule. *Metro. Life Ins. Co. v. Muldoon*, No. CIV.A. 06-2026CMDJW, 2007 WL 4561142, at *5 (D. Kan. Dec. 20, 2007).

Request for production topics 13 and 14, and deposition topic 12 seek information relating to the negotiation of the insurance policies. The Court finds the negotiations between the parties, which occurred prior to executing the contract, would be barred by the parol evidence rule, and thus should not be discoverable.

Deposition topic 9 seeks why the costs at issue were not intended to be covered by the RCC policy. Plaintiff's intention of coverage is not relevant because when interpreting an unambiguous contract, the intent of the parties is determined from the contract itself.

Accordingly, Plaintiff's objection to request for production topics 13 and 14, and deposition topics 9 and 12 is sustained.

### B. Plaintiff's objection deposition topic 11 and 13 is sustained in part.

Deposition topics 11 and 13 seek Plaintiff's "expectation" and "understanding" of the policies' coverage. This information may be relevant toward Defendant's defense. However,

Plaintiff's expectation or understanding of coverage prior to executing the policies would be barred by the parol evidence rule, and so the Court will limit discovery of Plaintiff's expectation and understand of coverage to the time after the execution of the insurance policies. Accordingly, Plaintiff's objection is sustained in part.

**C. Plaintiff's objection to request for production topics 12 and 19 is overruled.**

The outstanding issue for phase two is what costs are covered by the PPL policy. RFP topics 12 and 19 center on whether the "costs" and "losses" are covered by either or both policies.

In the Court's summary judgment order, it rejected Defendant's argument that for the pollution conditions at issue, coverage by the RCC policy requires exclusion by the PPL policy—specifically that endorsement 001 of the PPL policy excludes all costs covered by the RCC policy. (Doc. 65 at 8). However, the Court also stated it expressed no opinion as whether the PPL and RCC policy overlap. (Doc. 65 at 9 n.5, 11). Information that tends to prove or disprove whether overlapping coverage exists is relevant to costs subject to phase two. Thus, Plaintiff's objection to request for production topics 12 and 19 is overruled.

**Conclusion**

The Court sustains Plaintiff's objection to deposition topics 9 and 12 and request for production topics 13 and 14. Plaintiff's objection to deposition topics 11 and 13 is granted in part, discovery is limited to the timeframe after the insurance policies were executed. Finally, the Court overrules Plaintiff's objection to request for production topics 12 and 19.

**IT IS SO ORDERED.**

Dated: November 1, 2017      /s/ Greg Kays
                             GREG KAYS, CHIEF JUDGE
                             UNITED STATES DISTRICT COURT