# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SUNFLOWER REDEVELOPMENT, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-00577-DGK |
| ILLINOIS UNION INSURANCE CO., | ) |
| Defendant. | ) |

## ORDER ON DISCOVERY DISPUTE

This case involves an insurance coverage dispute alleging damages in excess of $66 million. Now before the Court is a discovery dispute between the parties concerning a corporate representative's deposition under Federal Rule of Civil Procedure 30(b)(6).

After reviewing the parties' memoranda regarding the discovery dispute (Docs. 97, 98, 99), the Court rules as follows.

### Background

Relevant to this dispute are two deposition notices. On October 18, 2017, Defendant filed a notice to depose Plaintiff's corporate representative under R. 30(b)(6) at 9:30 a.m. on October 26, 2017 (Doc. 80).[1] Then on October 27, 2017, Defendant filed a notice to depose Ms. Randall, at 9:30 a.m. on October 30, 2017 (Doc. 90).

At a witness deposition taken for this case, Plaintiff's counsel and defense counsel discussed that Ms. Randall was the corporate representative designated for some of the 30(b)(6)

---

[1] The deposition notice states the deposition was scheduled for October 24, 2017, but either this is an error or the parties agreed to amend this date because the parties do not dispute the date was originally set for October 26, 2017.

topics proposed for the corporate representative deposition.[2] Due to a scheduling problem, the parties agreed to reschedule the corporate representative deposition for October 30, 2017.

On October 30, 2017, shortly after the deposition of Ms. Randall began, Plaintiff's counsel informed defense counsel that Ms. Randall was Plaintiff's 30(b)(6) witness for topics 1-5, 8, and 10. Defense counsel objected to the timing of this designation, but proceeded to depose Ms. Randall as a fact witness only.

At the conclusion of defense counsel's questions of Ms. Randall as a fact witness, Plaintiff's counsel indicated Ms. Randall was prepared to stay for another hour to address the topics in the 30(b)(6) deposition. Defense counsel again objected to conducting the 30(b)(6) deposition because Plaintiff identified Ms. Randall and her designated topics only earlier that morning. Plaintiff's counsel stated, absent a court order, Plaintiff would not designate another corporate representative to testify on topics 1-5, 8, and 10. Defendant filed a motion for an order compelling Plaintiff to produce a witness for topics 1-5, 8, and 10 in its 30(b)(6) deposition notice (Doc. 97).

**Standard**

A district court has wide discretion in handling pretrial discovery matters. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC,* 784 F.3d 1183, 1198 (8th Cir. 2015). Under Fed. R. Civ. P. 30(b)(6), once a party names an entity and describes the matter for examination in its notice for deposition, the entity "must" designate a person to testify on its behalf and "may" identify the matters the person designated will testify. The same person may be deposed as a fact witness and a corporate representative in separate depositions. *Miller v. Waseca Med. Ctr.*, 205 F.R.D. 537, 540 (D. Minn. 2002); *see also Sabre v. First Dominion*

---

[2] Plaintiff argues it stated Ms. Randall "would be" the designee, while Defendant claims Plaintiff stated she "may be." *Compare* (Doc. 97 at 2) *with* (Doc. 98 at 3). Resolving this factual dispute is not material because the Court finds Plaintiff was not required to identify its 30(b)(6) designee in advance of the deposition.

*Capital*, No. 01CIV2145BSJHBP, 2001 WL 1590544, *1 (S.D.N.Y. 2001). When an entity expects its designee to testify only on certain topics, it should advise the opposing party of the designee's limitations before the deposition begins. *See Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 39 (D. Mass. 2001); *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012). Generally, the length of a deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1).

## Discussion

Defendant argues it was not prepared to take a 30(b)(6) deposition of Ms. Randall because Plaintiff did not designate her as the representative until after her fact witness deposition started, did not state in advance what topics she would be testifying, and only allotted one hour to cover the topics in its 30(b)(6) notice. Defense counsel stated he travelled from New York to Kansas City, Missouri for the fact witness deposition and did not bring with him the paperwork for the 30(b)(6) deposition. Defendant argues Plaintiff's actions have prejudiced it because it was forced to conduct the deposition in an "unprepared, inorderly, and hurried manner." (Doc. 97 at 5).

Plaintiff argues it is not required to designate a corporate representative in advance, but as a courtesy, it did inform defense counsel that Ms. Randall would be the corporate representative on some topics.

This dispute boils down to a lack of communication between the parties. Defendant scheduled two depositions on the same day and the same time. At no time did Defendant attempt to reschedule the 30(b)(6) deposition, clarify with Plaintiff how the parties were going to handle the scheduling overlap, or propose extending the length of the deposition to include both the fact witness questions and the 30(b)(6) topics. It appears Defendant just forgot that it had a 30(b)(6)

3

deposition scheduled. The Court is not sympathetic to Defendant's complaint it suffered prejudice because it was unprepared for the 30(b)(6) deposition. Defense counsel's unpreparedness was due to his own inattention to the schedule he set.

There is no Eighth Circuit law requiring an entity to declare the identity of its 30(b)(6) representative in advance. *Cf. Roca Labs, Inc. v. Consumer Opinion Corp.*, No. 8:14-CV-2096-T-33EAJ, 2015 WL 12844307, at *2 (M.D. Fla. May 29, 2015) ("finding the entity need only produce the representative at the deposition). However, knowing their corporate representative would only be able to testify as to certain topics, Plaintiff was required to inform Defendant of the particular topics prior to the start of the deposition. *See Calzaturficio*, 201 F.R.D. at 39. The parties dispute whether Plaintiff met this requirement because they both rely on their memory of a conversation that took place at a previous deposition. In the interest of fairness, the Court requires in this case, the parties identify the individual who will be designated as the corporate representative and the topics they intend to testify, at least forty-eight (48) hours in advance of any future 30(b)(6) deposition.

In any event, Plaintiff making Ms. Randall available for one hour to complete the 30(b)(6) deposition was insufficient. Assuming Plaintiff was ready to conduct both scheduled depositions, without prior agreement as to the length of each deposition, each deposition could have lasted up to seven hours. *See Sabre,* 2001 WL 1590544, *1 ("the 30(b)(6) deposition of a witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit."). Therefore, Plaintiff limiting Ms. Randall's testimony on 30(b)(6) matters to one hour is not in accordance with Rule 30. Even so, Defendant did not even attempt to conduct questioning on the 30(b)(6) topics with the time he had with Ms. Randall.

The Court finds Defendant's lack of communication is largely the cause of this dispute, however, under the particular facts and circumstances of this case,[3] the Court GRANTS Defendant's motion to compel Plaintiff to produce a witness to testify as to 30(b)(6) topics 1-5, 8, and 10. This decision does not come without a cost to Defendant. Additionally, the Court FURTHER ORDERS Defendant will be responsible for Plaintiff's reasonable expenses, if any, it would have not otherwise incurred, in order to prepare and attend a deposition on topics 1-5, 8, and 10. The Court encourages the parties to identify the amount of these expenses, if any, without further intervention from the Court. The Court FURTHER ORDERS the parties identify the individual who will be designated as the corporate representative and the topics they intend to testify, at least forty-eight (48) hours in advance of any future 30(b)(6) deposition.

Finally, the Court notes this is the third discovery dispute in this case. The Court will consider sanctions, including fines, if the Court finds the parties are not acting in accordance with the spirit of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated:   November 9, 2017           /s/ Greg Kays
                                    GREG KAYS, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT

---

[3] A consideration the Court finds important is the size and scope of this case including the damages sought.