IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SUNFLOWER REDEVELOPMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00577-DGK |
| | ) | |
| ILLINOIS UNION INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING PLAINTIFF'S MOTION TO DISREGARD

This case arises out of an insurance dispute. In conjunction with the parties' cross-motions for summary judgment, Plaintiff filed a motion strike new matters in Defendant's reply brief or, alternatively, for leave to file a sur-reply (Doc. 140). The Court denied leave to file a sur-reply and the parties briefed the motion to strike. Plaintiff clarified its motion as one to disregard new evidence and argument in Defendant's reply brief in support of its motion for summary judgment.

Plaintiff argues Defendant included numerous additional facts and argument in its reply brief and asks the Court to disregard these additional materials or in the alternative permit it the opportunity to respond. Defendant responds that it did not add any new legal arguments and that the additional facts were necessary to provide the Court a complete an accurate factual record.

Plaintiff originally styled its motion as a motion to strike, but concedes a motion to strike under Rule 12(f) is inappropriate in this instance.[1] Upon careful and thorough consideration of the additional facts and arguments in Defendant's reply brief, the Court denies Plaintiff's motion.

---

[1] *See* Fed. R. Civ. P. 12(f) (permitting a court to strike material from a pleading); Fed. R. Civ. P. 7(a) (defining a pleading as a complaint, third-party complaint, answer to a complaint, answer to a counterclaim, answer to a cross-claim, answer to a third-party complaint, and if ordered by the court, a reply to an answer); *White v. Nat'l Football League*, Civ. No. 4-92-906(DSD), 2013 WL 362901, at *1 (D. Minn. Jan 30, 2013) (determining "there is no such thing as a motion to strike—at least when the paper being targeted is a memorandum.").

Defendant's reply brief does not raise any new substantive arguments. The additional facts appear to be tailored in reply to Plaintiff's brief in opposition and do not substantially change the landscape of uncontroverted facts considered by the Court.[2]

Considering Plaintiff's motion as one to disregard, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date: March 16, 2018  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] On a motion for summary judgment, the Court excludes facts that are immaterial, not properly supported by evidence, legal conclusion, and argument asserted as fact.