# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SUNFLOWER REDEVELOPMENT, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-CV-00577-DGK |
| ILLINOIS UNION INSURANCE CO., | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING IN PART DEFENDANT'S MOTIONS IN LIMINE

This case arises out of an insurance coverage dispute. Plaintiff Sunflower Redevelopment, LLC ("Sunflower") undertook a project to remediate the former Sunflower Army Ammunition Plant ("Plant") in order to develop it for commercial purposes. After insurer Defendant Illinois Union Insurance Co. ("ILU") refused to indemnify Sunflower for certain expenses, Sunflower sued for declaratory judgment and breach of contract.

Now before the Court are ILU's two motions in limine (Docs. 145, 147).[1] For the following reasons, ILU's motions are granted in part.

## Discussion

Federal Rule of Evidence 403 permits exclusion of otherwise relevant evidence if "its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, or misleading the jury . . . ."

A district court has broad discretion to assess unfair prejudice. *United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005). Evidence is unfairly prejudicial when "it tends to suggest a decision on an improper basis." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983). Additionally, "'[c]onfusion of the issues

---
[1] ILU withdrew its third motion in limine (Doc. 170).

warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues.'" *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995) (quoting *United States v. Dennis*, 625 F.2d 782, 796–97 (8th Cir. 1980)).

1. **Motion to exclude evidence of the cost of future work at the Plant because the estimates are speculative (Doc. 145) is denied.**

ILU's first motion seeks to exclude evidence and argument as to what future work will be done at the Plant, when that work will begin, how much that work will cost, and for how long that work will continue. ILU argues Sunflower's estimate of the work surrounding future investigation and remediation, and the costs associated with that work, is speculative and open to conjecture. Additionally, ILU cites authority that it argues bars Sunflower from recovering future costs or damages. Finally, ILU mentions this evidence presents a danger of unfair prejudice and confusion to the jury, which substantially outweighs any probative value.[2]

ILU does not argue evidence of future investigation and remediation work is not relevant only that Sunflower's evidence is speculative. Therefore, the issue before the Court is whether it should exclude this otherwise relevant evidence.

ILU seeks to exclude parts of Sunflower's expert Timothy Stecher's ("Stecher") expert opinion because it argues Stecher relied on incomplete data to determine what work remains at the Plant (i.e. no soil sampling performed to determine existence of asbestos, only 10% of suspected pesticide contaminated areas have been confirmed, and no soil sampling performed to determine existence of lead based paint soil contamination).

---

[2] The parties raise a number of issues in their briefs, including whether Sunflower is seeking future damages or benefit of the bargain damages and whether the law permits recovery of future damages in a breach of contract case. However, ILU's motion in limine announces it seeks a ruling on the admissibility of evidence as to when future remediation work will be done and how much that work will cost. All other issues are outside the scope of this motion.

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. However, it also is true that if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded." *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005). An expert opinion that fails to consider the relevant facts of the case is fundamentally unsupported. *Concord Boat Corp. v. Brunswick Corp.,* 207 F.3d 1039, 1056 (8th Cir. 2000). Doubts regarding "whether an expert's testimony would be useful should generally be resolved in favor of admissibility." *Clark v. Heidrick,* 150 F.3d 912, 915 (8th Cir. 1998).

The Court finds Stecher's opinions are grounded in the facts of this case. *Cf. Nebraska Plastics, Inc.*, 408 F.3d at 416-17 (finding expert's opinion did not take into account facts tending to show the quantity of defective product subject to warranty claims was limited). To the extent ILU seeks to attack Stecher's methodology, it will need to do so during cross-examination.

ILU also seeks to exclude evidence and argument related to future remediation of pesticides, asbestos, lime slurry, lead based paint, and fuel/oil. ILU's basis relies mostly on alleged failures in Stecher's analysis, but also on basis that Sunflower has not been working at the Plant for the last six years and it could not know, with any amount of certainty, what work is required to complete the project.

Evidence of damages is sufficient as long as it is "not wholly speculative." *Pillsbury Co. v. Illinois Cent. Gulf R.R.*, 687 F.2d 241, 246 (8th Cir. 1982).

ILU's motion is denied as to evidence of future investigation and remediation Sunflower is required to perform at the Plan. The Court finds this evidence, while maybe not exacting, is

not wholly speculative. While there is some uncertainty in exactly how much that future work may cost, that is to be expected in a project of this nature. The Court finds this evidence would not lead the jury to decide the case on an improper basis and would not lead to the litigation of collateral issues to be excludable under Fed. R. Evid. 403.

Accordingly, ILU's motion is denied.

### 2. Motion to exclude the present value of the future cost of work at the Plant (Doc. 147) is granted in part.

ILU's second motion in limine seeks to exclude the present value of future costs that will be incurred in future investigation and remediation at the Plant. ILU argues Stecher did not provide opinions or disclose documents as to this issue and that excluding this evidence would avoid litigation of speculative issues.

ILU's motion is granted in part. Stecher may not testify about matters outside the scope of his expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (stating an expert's report must state "all opinions the witness will express."). In all other respects, ILU's motion is denied.

ILU's second motion in limine is granted in part and denied in part.

**IT IS SO ORDERED.**

Date:  March 28, 2018                                  /s/ Greg Kays                                  .
                                                              GREG KAYS, CHIEF JUDGE
                                                              UNITED STATES DISTRICT COURT

4