IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SUNFLOWER REDEVELOPMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00577-DGK |
| | ) | |
| ILLINOIS UNION INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT FROM USING CERTAIN WITNESSES ON DEFENDANT'S WITNESS LIST TO SUPPLY EVIDENCE AT TRIAL

This case arises out of an insurance coverage dispute. Plaintiff Sunflower Redevelopment, LLC ("Sunflower") undertook a project to remediate the former Sunflower Army Ammunition Plant ("Plant") in order to develop it for commercial purposes. After insurer Defendant Illinois Union Insurance Co. ("ILU") refused to indemnify Sunflower for certain expenses, Sunflower sued for declaratory judgment and breach of contract.

Now before the Court is Sunflower's motion to preclude ILU from calling seven witnesses at trial (Doc. 190). For the following reasons, Sunflower's motion is granted in part.

### Discussion

Sunflower seeks to exclude testimony of seven witnesses, five witnesses whom are employees of the Kansas Department of Health and Environment—Ashley Allen, Leo G. Henning, Jorge Jacobs, Bob Jurgens and Margaret Townsend ("KDHE employees")—and two of whom are employees of the U.S. Army—Tony Spaar and Dan Hearnen ("Army employees"). Sunflower seeks to exclude testimony from these witnesses under Rule 37(c)(1), on the ground that they were not disclosed in accordance with Rule 26.

Rule 26 requires disclosure of "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Subsection (e) requires supplementation if information the party later acquires would have been subject to the disclosure requirement. Rule 26(e) (explaining in the 2000 Amendment Advisory Committee Comments "[a]s case preparation continues, a party must supplement its disclosures when it determines that it may use a witness . . . that it did not previously intend to use."). Subsection (e) limits supplementation to only information that "has not been made known to the other parties during the discovery process."

Rule 37(c) permits a court to sanction a party who fails to identify a witness as required by Rule 26(a) or (e) by not allowing that witness to supply evidence at trial unless that failure was substantially justified or is harmless. To determine whether sanctions under Rule 37 are appropriate, the court may consider several factors including the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the testimony would disrupt the order and efficiency of the trial, and the importance of the testimony. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

To determine whether the Court should exclude the testimony of the KDHE employees at the trial, first the Court must decide if ILU was required to disclose the names of these witnesses under Rule 26(a) or (e) and if so, whether failing to disclose these names was substantially justified or harmless.

ILU does not address Sunflower's motion as to the two Army employees and thus, Sunflower's motion is granted as to these two witnesses.

ILU explains that the general nature of the expected testimony of the KDHE employees is whether two letters KDHE sent to Sunflower, that Sunflower alleges was a "claim" as to trigger

2

coverage under the insurance policy, was not intended to be a claim and was sent in the ordinary course of the project to remediate the Plant.

ILU first argues it complied with Rule 26, and that under that rule, disclosure of the KDHE employees was not required because these witnesses were already known to Sunflower. ILU states that during discovery, Sunflower interviewed these witnesses and chose not to depose them. ILU also points to its initial disclosure where it stated it would not disclose the identity of individuals Plaintiff was already aware of. ILU argues, because these individuals had been identified by Sunflower and that Sunflower was aware of them, it complied with Rule 26.

ILU next argues that it would be unfair to prevent the KDHE employees from testifying. ILU states that Sunflower plans to introduce into evidence letters between KDHE and Sunflower that were authored by, or sent to, the KDHE employees. ILU argues that it would be unfair to allow Sunflower to rely on letters sent by KDHE but not allow ILU to present testimony from the individual who authored the letters.

Finally, ILU argues, Sunflower cannot claim surprise because it was aware of these witnesses and their involvement in the case and thus, sanctions under Rule 37 are not required.

ILU did not violate Rule 26's disclosure requirements. ILU was not required to supplement its initial disclosures with the names of the KDHE employees because Sunflower already knew the names of these individuals and their involvement in this case. Sunflower interviewed these individuals and they are the same individuals involved in the letters Sunflower plans to offer as evidence in the trial.

Even if the Court were to find that ILU violated Rule 26, considering the factors outlined in *Wegener*, this failure does not warrant prohibiting their testimony at trial. ILU states it failed to supplement its disclosures with the KDHE employees because Sunflower had already

3

Case 4:15-cv-00577-DGK    Document 222    Filed 06/25/18    Page 3 of 4

interviewed these individuals and was relying on their correspondence with Sunflower as evidence in this case. For that same reason, the surprise and prejudice to Sunflower is minimal. Considering the nature of the proposed testimony, the Court finds it of moderate importance to the issues that will be presented at trial. Finally, the Court does not believe permitting the testimony would disrupt the order and efficiency of the trial. Sunflower filed this motion several days before the trial was scheduled to start, but since that time, the trial has been continued, leaving the parties and the Court time to plan on the testimony of these witnesses.

Accordingly, Sunflower's motion is denied as to the KDHE employees.

## Conclusion

Sunflower's motion is granted as to the Army employees and denied as to the KDHE employees.

**IT IS SO ORDERED.**

Date:  June 25, 2018         /s/ Greg Kays
                             GREG KAYS, CHIEF JUDGE
                             UNITED STATES DISTRICT COURT