IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SUNFLOWER REDEVELOPMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-00577-DGK |
| | ) | |
| ILLINOIS UNION INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART DEFENDANT'S FOURTH MOTION IN LIMINE**

This case arises out of an insurance coverage dispute. Plaintiff Sunflower Redevelopment, LLC ("Sunflower") undertook a project to remediate the former Sunflower Army Ammunition Plant ("Plant") in order to develop it for commercial purposes. After insurer Defendant Illinois Union Insurance Co. ("ILU") refused to indemnify Sunflower for certain expenses, Sunflower sued for declaratory judgment and breach of contract.

Now before the Court is ILU's fourth motion in limine (Doc. 219). For the following reasons, ILU's motion is granted in part.

**Discussion**

ILU seeks to preclude Sunflower from introducing three categories of evidence and argument: (1) that ILU is responsible for Sunflower ceasing to work on remediating the Plant from 2011 to the present; (2) Sunflower's future costs are "past damages"; and (3) Sunflower's remediation project will fail if ILU does not provide Sunflower with insurance coverage.

**1.     The motion to exclude evidence and argument that ILU is responsible for Sunflower ceasing work at the Plant is denied.**

First, ILU seeks to exclude evidence and argument that it is to blame for Sunflower ceasing work at the Plant starting in 2011 because this evidence is improper and prejudicial. ILU argues

Sunflower never raised this argument during discovery and only first took the position that the reason it ceased work at the Plant due to ILU's coverage position after the close of discovery, creating an unfair prejudice to ILU.

Federal Rule of Evidence 403 permits exclusion of otherwise relevant evidence if "its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, or misleading the jury . . . ." A district court has broad discretion to assess unfair prejudice. *U.S. v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005). Evidence is unfairly prejudicial when "it tends to suggest a decision on an improper basis." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983).

ILU essentially argues, this evidence is unfairly prejudicial because it was a surprise theory of recovery sprung on them on the eve of trial. However, in reviewing the deposition testimony, Sunflower's fact witnesses state the project was stopped because Sunflower was unable to pay certain contractors and allude that the reason for Sunflower's inability to pay was due to the remediation costs exceeding projected estimates and that Sunflower was unable to obtain insurance coverage. Based on this, the Court cannot find that Sunflower has sprung a new theory of recovery causing an unfair prejudice to ILU or that this evidence would suggest the jury base its decision on an improper basis. The motion is denied.

2. **The motion to preclude Sunflower from converting its claim for future costs into a claim for past damages is denied.**

Next, ILU attacks Sunflower's damages demand. ILU's theory is that Sunflower is seeking "future damages" or consequential damages, which it did not specifically plead, and raised for the first time at the close of discovery.

Sunflower is seeking approximately $41 million in damages for remediation costs it contracted with ILU to pay under the Premises Pollution Liability Policy ("PPL Policy").

Sunflower responded to ILU's First Set of Interrogatories with a reference to a report detailing the remediation costs it was seeking coverage for. Sunflower explains its damages are costs related to remediation work already performed and costs related to remediation work that must be, but has not yet been, performed. ILU argues that because Sunflower has not actually incurred these costs, they are future or consequential damages, which Sunflower failed to plead.

The insuring agreement states: "[ILU] agrees to pay on behalf of [Sunflower] for claims, remediation costs, and associated legal defense expenses, in excess of the self-insured retention, arising out of a pollution condition [at the Plant]." PPL Policy (Doc. 206 at 135) (internal quotation marks omitted).

Under Kansas law, "[d]irect damages refer to those which the party lost from the contract itself – in other words, the benefit of the bargain – while consequential damages refer to economic harm beyond the immediate scope of the contract." *Penncro Assocs., Inc. v. Sprint Spectrum, L.P.*, 499 F.3d 1151, 1156 (10th Cir. 2007) (applying Kansas law).

The Court finds Sunflower is not seeking consequential or future damages. Based on the language of the insuring agreement, Sunflower seeks damages that stem from the contract itself, and not economic harm beyond the immediate scope of the contract. Additionally, the Court finds Sunflower did not first disclose this theory of recovery on the eve of trial. Sunflower stated it was seeking costs for pollution conditions not yet remediated in its answers to ILU's interrogatories. ILU's motion is denied.

ILU's argument that Sunflower is ineligible to recover remediation costs it has not yet performed because those expenses do not meet the definition of remediation costs, has merit, but is appropriate for determining which of Sunflower's remediation costs fall within the scope of the insurance policy, not whether Sunflower is seeking consequential damages.

**3.    The motion to bar Sunflower from offering evidence or arguing that its development project will fail unless ILU provides insurance coverage is granted.**

Finally, ILU seeks to prohibit Sunflower from offering any evidence or argument that its development project will fail unless ILU provides insurance coverage. ILU argues this evidence and argument is irrelevant in determining whether there is coverage under the PPL policy. Sunflower responds that it does not intend to offer evidence that the project will fail in absence of insurance coverage, however, it does intend to introduce evidence that the PPL Policy was one the project's financial vehicles. Because Sunflower does not intend to offer evidence or argument that its project will fail in absence of insurance coverage, ILU's motion is granted.

**IT IS SO ORDERED.**

Date:  July 12, 2018                                                  /s/ Greg Kays                              .
                                                                                GREG KAYS, CHIEF JUDGE
                                                                                UNITED STATES DISTRICT COURT